UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHARLES W. JONES,

                                                                             MEMORANDUM OPINION
                                       Plaintiff,                                           and ORDER

                          -against-                                                      CV 03-3252 (DRH) (ETB)

WESTERN SUFFOLK BOCES, et al.,
                                         Defendant.
------------------------------------------------------------------------X

        The defendants, Western Suffolk Boces, and the individual defendants, Helen Boggs Smith and Bob Boonan, move to compel responses to deposition questions which the pro se plaintiff, Charles W. Jones, refused to answer on the ground that any such response was prohibited under a confidential agreement with the Bay Shore Union Free School District and others, dated November 15, 1985. There is no dispute as to the existence of such an agreement and the prohibition on which plaintiff relies.

        The defendants fail to provide the court with a copy of the deposition transcript to enable the court to review the questions. Instead, the ruling is sought based on an allegation by defendants' counsel, Anna M. Scricca of the firm of Ingerman Smith, LLP, in the supporting affidavit stating that "I asked the Plaintiff about the circumstances leading to his resignation from the Bay Shore Union Free School District, which occurred in 1985, including the allegations of sexual misconduct which, upon information and belief, had been reported by female students or their parents to the Bay Shore Union Free School District." (Affidavit of Anna M. Scricca, in Support of Motion to Compel Answers to Depositions Questions, dated September 22, 2006).

        Attached to the movants' motions papers is a 15-page Settlement Agreement, dated

November 15, 1985, between the Bay Shore Union Free School District, the pro se plaintiff herein, and certain students at the school whose names have been redacted presumably due to their age. The stipulation is captioned "In the matter of the charges involving certain alleged acts of misconduct committed by CHARLES JONES, a coach employee of the BAY SHORE UNION FREE SCHOOL DISTRICT." There is no indication from the document that the alleged "misconduct" is sexual misconduct as claimed by defendants' counsel. See unidentified exhibit annexed to movants' motion papers. The administrative proceeding was presided over by a hearing officer identified in the transcript; separate counsel appeared on behalf of all the parties involved.

As the pro se plaintiff contends in opposition to the request, the 1985 stipulation incorporates the agreement, signed by all the parties, to discontinue the complaint, and in relevant part provides, that (1) the "records involving these charges are to be held in confidence by the school, and are not to be divulged except as may be required by law;" (2) that the charges are withdrawn and it is "acknowledged by all the parties that Mr. Jones has denied any wrongdoing, and has maintained his innocence regarding these charges, and that this settlement is made without any prejudice to Mr. Jones, and without any acknowledgment of any guilt on his part"; (3) that Mr. Jones "acknowledges that he had only been retained as a part-time seasonal coach, and that he had no claim to continuing or future employment with the District" and "he agrees to resign effective June 30, 1985 and not to seek or accept future employment with the District;" (4) that the complaining witnesses withdraw all charges with the understanding "that this matter is to be settled permanently" . . . and "they agree [to] neither directly or indirectly . . . repeat these charges or circulate these charges, or to discuss these charges in the future. . . ."

[a]nd "agree to dismissing these charges final (sic) and releasing Mr. Jones from any claim evolving from these charges;" and (5) "Mr. Jones <u>agrees</u> <u>similarly</u> <u>not</u> <u>to</u> <u>discuss</u> <u>these</u> <u>charges</u>, or contact either (redacted student names) and agrees to release them of any claim that he may have arising out of the bringing of these charges." (Unmarked exhibit to movants' motion to compel at 161-164). (<u>Emphasis</u> <u>added</u>).

1. <u>Discovery Not Relevant</u>

The theory of the plaintiff's Second Amended Complaint is that he was hired by the defendant BOCES district some five (5) years later in 1990, as a School Social Worker and that he worked for the Western Suffolk BOCES ("BOCES") District for twelve (12) years as an exemplary worker and that it was because of his African American race that BOCES doggedly pursued the sealed settlement which occurred in the Bay Shore Union Free School District in 1985. Plaintiff claims that this investigation began in September 1996 after plaintiff claimed that a reassignment to a particular special education elementary school was motivated by his race. Except for the redacted 1985 Settlement Agreement, BOCES has been unsuccessful in obtaining any further information with respect to the underlying disciplinary charge dismissed and settled therein.

It is beyond dispute that BOCES and/or the individual defendants sought to obtain information from the Bay Shore Union Free School District - all to no avail. In fact, the Appellate Division, Second Department, reversed a judgment of the Supreme Court, Suffolk County (Tannenbaum, <u>J</u>.), dated July 2, 1997, which had directed the release of certain records held under seal by the Bay Shore Union Free School District in a special proceeding initiated by the defendant BOCES district herein. The <u>pro</u> <u>se</u> plaintiff was a respondent in that action. On

appeal, the appellate court held: "The court erred in authorizing, pursuant to Public Officers Law § 87, release of certain pages of the sealed record on appeal filed herein which recite unproven disciplinary charges." (citations omitted). The court further noted that although BOCES "is entitled to a certain stipulation of settlement, the names of students and their parents mentioned therein should be redacted from the settlement transcript." (citations omitted). <u>Matter of Western Suffolk Board of Cooperative Educational Services v. Bay Shore Union Free School District</u>, 250 A.D.2d 772, 672 N.Y.S.2d 776 (Second Department 1998).

The defendants argue that the underlying incidents that are the subject of the 1985 settlement are "directly related to the Plaintiff's complaint." (Affidavit of Anna M. Scricca at ¶ 7). The defendants rely on specific portions of the second amended complaint that appear at pages 3-5 of the complaint.

The second paragraph of the complaint sets forth the plaintiff's position, as it relates to the issue before the court.

FACTS GIVING RISE TO PLAINTIFF'S CAUSE OF ACTION

> The Plaintiff is an African American male who holds a Master's Degree in Social Work and at all times relevant was a certified Social Worker under the laws of New York State (CSW) and held a valid New York State Education Certificate since 1992. Plaintiff was hired by Defendant BOCES on or about September 1, 1990 as a School Social Worker, and became tenured as a School Social Worker on or about September 1, 1993.
>
> At all times relevant hereto, approximately twelve years; and in all respects, Plaintiff performed his duties as a School Social Worker with BOCES, in a satisfactory, professional and exemplary manner. Plaintiff maintained perfect attendance for the first four years of employment.

Thus, when plaintiff alleges that "[t]here was no precipitating action of misconduct by

-4-

Plaintiff to warrant an inquiry . . .", Complaint at 3, I construe this to mean that the pro se plaintiff is referring to his conduct during the twelve (12) years at defendant BOCES, rather than the incidents that occurred more than twenty (20) years prior when he was a part-time coach in the Bay Shore Union Free School District.

Plaintiff has not placed his conduct or any incident at the Bay Shore Union Free School District - which occurred some 21 years ago - in issue in this action. Plaintiff was hired as a School Social Worker in 1990 by the defendant district and that district is alleged to have granted him tenure in that position in September 1993. Plaintiff refused to provide BOCES any information with respect to the underlying incident which led to BOCES' unsuccessful efforts to obtain that information by litigation against plaintiff and the Bay Shore Union Free School District. See Second Amended Complaint at 2. According to the complaint, the Bay Shore School District incident in 1985 was pursued by the defendant BOCES district from 1996 to at least May 18, 1998. The pro se plaintiff remained an employee from 1990 to 2001.

By making reference in the complaint to defendant Boggs confronting him "with an allegation of an employment problem plaintiff was presumed to have had at Bay Shore High School, eleven years prior in 1985," id. at ¶ 9, that does not bring up for relevant discovery facts underlying that sealed record which defendants have been unable to uncover since 1996 despite state court litigation efforts. BOCES has never had access to that information - in 1996 - or now. It does bring up for discovery the conversation alleged to have occurred between plaintiff and Boggs in 1996 or thereafter, as well as plaintiff's conduct during his years with BOCES. It is the plaintiff's contention that without any such knowledge of the 1985 incident, he was treated differently than his white male counterpart - "a white male certified teacher who admitted to two

sexual harassment incidents within a six month span of time and sexual misconduct in front of the students was not relieved from working with or interacting with students or female staff members." (Second Amended Complaint at 4). By contrast, plaintiff alleges that even though the defendants' review of his personnel file at Bay Shore Union Free School District revealed "no malfeasance on plaintiff's part" . . . [nonetheless he was] "relieved . . . of any duties involving or interacting with students causing Plaintiff embarrassment and humiliation." Id. at 4.

BOCES points to other language in the complaint to contend that the plaintiff has placed the 1985 incident at issue:

> 15. In paragraph 9 (page 4) of the Complaint, Plaintiff alleges:
>
> "Plaintiff maintains that said unwarranted and unsubstantiated persistence by Defendant Administrators in seeking Plaintiff's personnel records resulted in a formal investigation by the State Board of Education of Plaintiff that would not have otherwise occurred. As a result of Defendants unlawful discriminatory employment practices, violations of Plaintiff's rights protected by federal law ensued to the extent that Plaintiff lost his teacher's certification in March of 2002. Plaintiff alleges that these employment practices were intentional, tainted, biased and implemented in a discriminatory manner. Upon information and belief, white employees are not so subjected to disciplinary actions without probable cause, resulting in a loss of professional certification."

Motion to Compel Answers to Discovery Questions at ¶ 15.

The language "persistence by Defendant Administrators" refers to the Defendant Administrators' efforts during the twelve-year period that plaintiff was employed at Western Suffolk BOCES, and "unwarranted and unsubstantiated" does not open up for discovery what happened in Bay Shore in 1985. Rather, "unwarranted and unsubstantiated" refers to the defendants' zealous and unsuccessful efforts to obtain information as to the 1985 incident.

For the foregoing reasons, I find that the conduct underlying the 1985 Settlement Agreement is not relevant to this action under Rule 26(b), Fed. R. Civ. P.

The 1985 Agreement expressly provides "that Mr. Jones (plaintiff) has denied any wrong doing, and has maintained his innocence regarding these charges." (Stipulation, Bay Shore Union Free School District, dated November 18, 1985 at 5). As counsel for the defendants is aware, there is no reason to believe - given the plaintiff's refusal to discuss the incident and refusal to consent to the turnover of the records for over twenty (20) years - that his position is any different today than it has been over the last twenty-one (21) years. Thus, compelling an answer to defendants' inquiry will likely accomplish nothing more than the information that is already provided in the stipulation, i.e., that he maintains his innocence. Thus, even assuming arguendo, some remote relevance of such information, the burden of such added discovery "outweighs its likely benefit taking into account the needs of the case, . . . the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Rule 26(b)(2)(iii), Fed. R. Civ. P.

For the foregoing reasons, the motion to compel is denied.

2. Discovery Sought Is Sealed and Should Remain So

The 1985 Agreement prohibits plaintiff, as well as the students involved in the complaint, from making any statement. (Stipulation at 6-7). Moreover, it was further stipulated in 1985 that the documents relative to the disciplinary complaint are confidential "and are not to be divulged except as they may be required by law." The Appellate Division, Second Department sustained that confidentiality. In the Matter of Western Suffolk Board of Cooperative Educational Services, supra.

The Second Circuit addressed the accessibility of a non-party to sealed testimony in Martindell v. International Telephone and Telegraph Corporation, 594 F.2d 291 (2d Cir. 1979). The court there affirmed the order of the district judge who refused to modify a protective order to give the government - a non-party to the civil litigation - access to deposition transcripts that the government sought as part of a criminal investigation. Id. at 297. The court there relied on the critical function that protective orders serve in facilitating disclosure in civil cases, and concluded that providing government access under such circumstances would have a chilling effect on a witness' willingness to testify under such circumstances in the future.

The court there held:

> [A]bsent a showing of improvidence in the grant of a Rule 26(c) protective order or some extraordinary circumstance or compelling need, none of which appear here, a witness should be entitled to rely upon the enforceability of a protective order against any third parties, including the Government, and . . . such an order should not be vacated or modified merely to accommodate the Government's desire to inspect protected testimony for possible use in a criminal investigation, either as evidence or as the subject of a possible perjury charge. Id. at 296.

The defendants' need for access here pales in comparison to the government's need to investigate criminal activity. The defendants' request - that plaintiff "be ordered to answer all questions relating to his prior employment with the Bay Shore Union Free School District, without restriction, including the allegations of sexual misconduct which resulted in Plaintiff's resignation from Bay Shore" (Supporting Affidavit of Counsel at 8 last para) - for the reasons set forth above, is of remote, if any, relevance to resolution of the issues raised in this employment discrimination action.

The agreed upon confidentiality and prohibition against any party discussing the

underlying matter, is a vital part of the 1985 Settlement Agreement and enabled the parties "to secure the just, speedy and inexpensive determination" of that matter.  Id. at 295.

The defendants here have failed to make any showing of "improvidence in the grant[ing]" of confidentiality, nor do they make any claim of "extraordinary circumstance or compelling need" for access to the information sought herein.  Martindell, supra at 296.  The parties to the 1985 Settlement Agreement have abided by its terms for the past twenty (20) years and, as in Martindell, "should be entitled to rely upon the enforceability of a protective order against any third parties. . . ."  Id.  Moreover, the court is not just concerned with the interests of the plaintiff here.  The privacy interests of the then-high school students is also relevant here. These non-parties (to this action) put the 1985 incident behind them a long time ago and are now adults presumably with families of their own.  These parties also could suffer serious harm by the disclosure sought by the defendants in this action.  At this point, to open up the 1985 disciplinary complaints clearly "weighs more heavily against" providing access for purposes of this action.  See United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995).

For these reasons also, the defendants' motion to compel is without merit and is denied.

3.  Failure to Submit a Memorandum of Law

Local Civil Rule 7.1 states that "all motions and all oppositions thereto shall be supported by a memorandum of law, setting forth the points and authorities relied upon in support or opposition to the motion."  This Rule further states that "[w]illful failure to comply with this rule may be deemed sufficient cause for denial of a motion."  Id.  Having chosen to file a formal motion, rather than a letter motion, as provided under Local Civil Rule 37.3(c), movants' counsel was obliged to comply with Local Rule 7.1.

The "failure to submit a memorandum of law, standing alone, is sufficient cause for granting or denying a motion. It is not necessary to reach the merits." <u>Wenzhou Wanli Food Co. v. Hop Chong Trading Co.</u>, No. 98 Civ 5045, 2000 U.S. Dist. LEXIS 9554 at *12 (S.D.N.Y. July 11, 2000).

Anna M. Scricca, counsel for the defendants, filed a formal motion to Compel Answers to Discovery Questions on September 22, 2006. Her eight-page supporting affidavit cites to no case law - not even the Appellate Division decision cited above, which sustains the confidentiality of the records sought. Defendants make a brief statement that plaintiff cannot "hide behind this Agreement" (i.e., the 1985 Confidentiality Agreement with respect to the settlement discussed above) (Affidavit of Ms. Scricca at 28) and attach a copy of the 1985 Settlement Agreement tersely stating that "a bold assertion of confidentiality is insufficient." (Supporting affidavit of Ms. Scricca at ¶ 29).

Based on the movants' failure to comply with Local Civil Rule 7.1, their motion to compel is denied.

For all of the foregoing reasons, the motion to compel is denied.

The parties shall appear at a status conference on December 18, 2006 at 11:00 a.m.

SO ORDERED:

Dated: Central Islip, New York
November 21, 2006

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge